Cherry *vs.* The Home Building and Loan Association.

WILLIAM A CHERRY, plaintiff in error, *vs.* THE HOME BUILDING AND LOAN ASSOCIATION, defendant in error.

It is not the office of a rule absolute foreclosing a mortgage, to show expressly on its face, what particular credits were allowed in fixing the amount of the debt, more especially, where the credits are not mentioned in any of the pleadings; and a motion by the mortgagee, made a year after the rule was granted, to amend it for the sole purpose of declaring that a certain credit not pleaded was, in fact, allowed, is irregular and ought to be overruled.

Judgments. Mortgages. Practice in the Superior Court. Before Judge HILL. Bibb Superior Court. October Term, 1875.

The Home Building and Loan Association foreclosed several mortgages on the property of Cherry, and rules absolute were issued at the April term, 1874, of Bibb superior court. At the October term, 1875, plaintiff moved to amend said rules by inserting in each the statement that the amount adjudged to be due was the balance, after giving Cherry credit for the value of the stock held by him in the association, on which he had obtained from plaintiff the loans which formed the consideration of the mortgages. No mention of such credits appeared in the petitions or rules *nisi* to foreclose.

By consent of counsel the cases were tried together.

Defendant demurred to plaintiff's motion on the following grounds:

1st. Because the court had no jurisdiction to grant the relief prayed for.

2d. Because there was nothing in the petition or rule *nisi*, on which the foreclosure was based, to authorize such a judgment as would be rendered by the introduction of the proposed amendment.

3d. Because the motion was indefinite, and failed to state the amount of the alleged credits.

The demurrer was overruled and defendant excepted.

WHITTLE & GUSTIN, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS, for defendant.

BLECKLEY, Judge.

A judgment cannot be amended by introducing matter which the law does not require to appear in it. Especially would such a practice be inadmissible where the pleadings, as made up when the judgment was rendered, are silent touching the matter with which the amendment proposes to deal. The rule absolute, as originally taken, was in terms of the Code, section 3968. The court gave judgment for the amount which was due on the mortgage. What credits were allowed in arriving at that amount, may be open to inquiry in other proceedings, but the office of the judgment is to speak the debt, not to show the credits. It would have been unusual and unnecessary to set out the credits in the judgment, had that been done when the judgment was rendered. The omission to do it then is no cause for doing it now.

Judgment reversed.